## COMMONWEALTH *vs.* RICHARD W. WALTON.

U der a complaint dated "August 30, 1865," charging the commission of a continuing offence "on the first day of June in the year of our Lord one thousand eight hundred and sixty-five, and from that day to the day of the date of this complaint," evidence may be introduced covering the whole time between the first day of June and the date of the complaint.

If a complaint charges the keeping of a "tenement or shop" used for the illegal keeping and sale of intoxicating liquors, the objection that this charge is bad, because made in the alternative, is merely formal, within the meaning of *St.* 1864, *c.* 250, § 2, and must be taken before a judgment has been rendered in the original trial of the complaint.

The legislature have power to pass an act providing that formal objections to complaints and indictments must be made at a particular stage of the proceedings.

COMPLAINT made to the justice of the municipal court of Taunton, charging that the defendant " on the first of June in the year of our Lord one thousand eight hundred and sixty-five, and from that day to the day of the date of this complaint, did keep and maintain a certain tenement or shop then and there used for the illegal keeping and sale of intoxicating liquors." At the foot of the complaint, after the signature, were these words and figures : " Dated August 30, 1865. Bristol, ss. Received and sworn to the thirtieth day of August in the year one thousand eight hundred and sixty-five. Before the court, James P. Ellis, Clerk."

At the trial in the superior court, before *Wilkinson*, J., after a conviction in and appeal from the municipal court, the defendant, before the jury were empanelled, moved that the complaint be quashed, because it was insufficient in charging that the defendant kept a "tenement or shop;" but the judge overruled

the motion, because it should have been made in the municipal court, and was no* made there. The judge also ruled that a continuing offence from the day named to the date of the complaint was properly charged, and admitted evidence covering the whole of that period.

The defendant contended that *St.* 1864, *c.* 250, § 3, is unconstitutional; but the judge ruled otherwise.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown,* for the defendant.

*Reed,* A. G., for the Commonwealth.

GRAY, J. 1. The allegation of time in this complaint was sufficient to warrant the admission of evidence of the offence charged, not only on the first day of June in the year of our Lord one thousand eight hundred and sixty-five, but also between that day and the day of the date of the complaint. The date of the complaint is made material by the express reference to it in the body of the complaint. The words "Dated August 30, 1865," define the day of the date in the same manner as is usual in the analogous case of the indorsement by the clerk on an indictment charging the commission of an offence on a particular day and from that day to the day of the finding of the indictment. *Commonwealth* v. *Stone,* 3 Gray, 454. *Commonwealth* v. *Langley,* 14 Gray, 21. The only effect of rejecting these figures as too uncertain would be to oblige the court, in order to ascertain the day of the date of the complaint, to refer to the day when it was received and sworn to, which is expressed in words at length in the certificate of the clerk of the court to which it was presented. Gen. Sts. *c.* 170, § 10. *Commonwealth* v. *Keefe,* 7 Gray, 332. The case is within the principle of those in which a complaint charging the commission of a similar offence on a day named, "and from that day to the day of the date of receiving," or "the day of exhibiting this complaint," with the last day stated in the jurat at its foot, has been held sufficient. *Commonwealth* v. *Kingman,* 14 Gray, 85. *Commonwealth* v. *Donnelly,* 14 Gray. 86, *note.* In a very recent case this court sustained a complaint like that now before us,

except in describing the date at the end of the complaint as "this fourteenth day of January A. D. 1864," and that in the jurat as "January 14th 1864." *Commonwealth* v. *Hagarman,* 10 Allen, 401.

The cases cited for the defendant are all distinguishable from this. In *Commonwealth* v. *McLoon,* 5 Gray, 91, the omission of the words " in the year," or the letters " A. D.," without which the figures "1855" were held insufficient to denote the year, was in the body of the complaint. In *Commonwealth* v. *Hutton,* 5 Gray, 89, the complaint contained no allegation of time except " the third day of June instant," and no reference to the date of the complaint. And in *Commonwealth* v. *Keefe,* 7 Gray, 332, in which the date was rejected as surplusage, the complaint did not refer to it, but duly set forth the time of the commission of the offence in words at length.

2. The *St.* of 1864, *c.* 250, § 2, requires that any objection to a " complaint, indictment or other criminal process, for a formal defect apparent on its face, shall be taken by demurrer or motion to quash," before a judgment has been rendered by a trial justice or a police court, or a jury has been sworn in the superior court ; and by force of the *St.* of 1864, *c.* 209, § 21, this provision applies to the municipal court of Taunton. An objection to this complaint for a formal defect apparent upon its face could not therefore be made for the first time after judgment in the municipal court. If such an objection had been raised before judgment there, either by demurrer or motion to quash, and overruled, it might have been renewed in the superior court, and brought to this court by bill of exceptions. *Commonwealth* v. *McGovern,* 10 Allen, 193. The purpose of the *St.* of 1864, *c.* 250, was to require formal objections in criminal prosecutions to be made before submitting the whole case to the decision of a magistrate or jury, but not to deprive the accused of the right to obtain the judgment of this court upon any question of law, if seasonably suggested. The objection made to this complaint, that it only charged the defendant with keeping a " tenement or shop," was purely formal, within the statute.

3. There is in our opinion no ground for the argument of the

defendant's counsel that this statute violates the provision of the twelfth article of the Declaration of Rights, that "no subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him." The statute provides a method by which any person accused may raise any objection, however formal, before pleading the general issue. But if he neglects to take advantage of it before judgment or verdict against him on that issue, he must be held to have waived all formal objections. We can have no doubt of the power of the legislature to prescribe and limit the time when such objections shall be taken.

*Exceptions overruled.*